**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 12-07296 BKT** |
| | **Chapter 13** |
| **TERESITA ARROYO MORALES** | |
| | **FILED & ENTERED ON 07/02/2015** |
| **Debtor(s)** | |

### <u>OPINION AND ORDER</u>

Before the court is the *Motion in Compliance with Order and Memorandum of Law* filed by the Chapter 13 Trustee on June 23, 2014 [Dkt. No. 83], Debtor's *Motion in Compliance with Order and Memorandum of Law* filed on July 21, 2014 [Dkt. No. 89], along with *Trustee's Reply to Motion in Compliance with Order and Memorandum of Law* filed by Trustee on August 28, 2014, [Dkt. No. 94] and Debtor's *Objection to Request of Entry of Order filed by the Trustee and Request to this Honorable Court to finally take under Advisement for Final Determination the Issue of Law* filed on November 3, 2014, [Dkt. No. 105].

### I.    Factual Background

Debtor filed a voluntary petition under chapter 13 of the Bankruptcy Code on September 17, 2012, with the corresponding schedules that state Debtor's income, expenses, properties, and debts (Dkt. No. 1). Debtor is one of multiple members of a class action lawsuit who is claiming contractual and tort damages caused by the fact that neither the deed by which she acquired a property in Urb. Vista del Mar, nor the mortgage deed she executed, was recorded in the Puerto Rico Property Registry. Debtor is requesting a total of $264,283.32. Debtor assigned the cause of action a value of "unknown" in Schedule B [Dkt. No. 28]. Trustee filed an *Objection to Confirmation and Memorandum of Law in Support Thereof* [Dkt. No. 65] in which the Trustee

argued that, by not assigning a value to the cause of action, Debtor was not complying the confirmation requirements of 11 U.S.C. § 1325(a)(4).

Trustee argued that the best method to determine the value of a cause of action was multiplying the amount of the judgment requested times the probability of success. In the event that the probability of success could not be determined, the fairest conclusion is to estimate the same at 50 percent as determined in In Re Polis, 217 F. 3d 899, (7th Cir. 2000). This Court ordered Debtor to amend schedules to include an estimated value to the cause of action. Debtor subsequently filed an amended Schedule B on November 24, 2013, and listed the cause of action's value at $132,142.00.

Trustee filed an unfavorable report to Debtor's amended plan arguing that in the amended plan, Debtor will distribute the liquidation value to the general unsecured creditors only in the event that the cause of action is resolved during the life of the plan. This Court ordered the parties to submit simultaneous briefs on or before June 23, 2014, regarding what the best method to determine the liquidation value of the cause of action is and whether Debtor is obliged to distribute such liquidation value to the unsecured creditors if said liquidation value arises from a pre-petition cause of action that is not liquidated during the life of the plan.

Trustee argues in his motion that the cause of action is property of the estate pursuant to 11 U.S.C. § 541 and, therefore, must be taken into account when calculating the liquidation value of a chapter 13 case. Furthermore, the Trustee argued that, in order to comply with the "best interest of creditors test," pursuant to 11 U.S.C. § 1325(a)(4), a plan must provide for distributions in accordance with the liquidation value calculated, even if said cause of action is not liquidated during the commitment period of the bankruptcy. Also, the Trustee argued that, in the event that a debtor does not comply with this, he or she would not be entitled to receive a

discharge, inasmuch as he or she did not complete all payments under the plan and did not distribute to unsecured creditors what they would have received in a chapter 7 case. Finally, the Trustee provided an analysis on the valuation on the cause of action.

Debtor, on the other hand, argues in her motion that the funds from the cause of action are not "disposable income" and, therefore, Debtor should not be obligated to pay the same in the event that the cause of action is not liquidated during the commitment period and that the cause of action is not an asset that should be taken into consideration when calculating the liquidation value.

**II.      Legal Analysis**

*Approximate Value of Prepetition Cause of Action*

A chapter 13 bankruptcy enables individuals with regular income to develop a plan to repay all or part of their debts. Under this chapter, debtors propose a repayment plan to make installments to creditors over three to five years. The plan need not pay unsecured claims in full as long it provides that the debtor will pay all projected "disposable income" over an "applicable commitment period," and as long as unsecured creditors receive at least as much under the plan as they would receive if the debtor's assets were liquidated under chapter 7. 11 U.S.C. § 1325. In chapter 13, "disposable income" is income (other than child support payments received by the debtor) less amounts reasonably necessary for the maintenance or support of the debtor or dependents and less charitable contributions up to 15% of the debtor's gross income. Section 1325(b)(1) provides that, if the trustee or a creditor objects to confirmation of the debtor's plan, the court may not approve the plan unless it "provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that

the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan." 11 U.S.C. § 1325(b)(1)(B).

Property of the bankruptcy estate includes all legal or equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. § 541(a)(1). "Section 541 of the Bankruptcy Code provides that virtually all of a debtor's assets, including causes of action belonging to the debtor at the commencement of the bankruptcy case, vest in the bankruptcy estate upon the filing of a bankruptcy petition." Kane v. Nat'l Union Fire Ins. Co., 535 F.3d 380, 385 (5th Cir.2008) (citing 11 U.S.C. § 541). Pursuant to 11 U.S.C. § 541(a)(1), the act of filing for bankruptcy relief under chapter 13 creates an estate that consists of "all legal or equitable interests of the debtor in property as of the commencement of the case."

Section 1325(a)(4) provides that "[e]xcept as provided in subsection (b), the court shall confirm a plan if—... (4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date." 11 U.S.C. § 1325(a)(4). Section 1325(a)(4), referred to as the "best interest of creditors test," provides that, at a minimum, unsecured creditors will be paid the amount which they would receive if the case were a hypothetical chapter 7 liquidation case. The "best interest of creditors test" is designed to protect the unsecured creditors in chapter 13 cases. To satisfy the "best interests of creditors test" of 11 U.S.C. § 1325(a)(4), a chapter 13 plan must afford payment to each allowed unsecured creditor of no less than the amount such holder would receive on such claim if the Debtor's estate was liquidated under chapter 7. Therefore, the estate's liquidation value must be evaluated to establish whether the proposed plan satisfies the best interest of creditors test. In a hypothetical chapter 7 bankruptcy, the chapter 7 Trustee would

collect and liquidate all nonexempt property of the estate. 11 U.S.C. § 704(a)(1). "... [T]he capitalized present value of all deferred payments proposed to be distributed, together with the present value of any other property proposed to be distributed, to the holder of an allowed unsecured claim, must equal at least the liquidation value of the nonexempt property of the estate apportionable to the holder of such allowed unsecured claim." 8 COLLIER ON BANKRUPTCY ¶ 1325.05[2][c] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

"The valuation of claims in a hypothetical chapter 7 liquidation is 'not an exact science' because the process entails a considerable degree of speculation." In re W.R. Grace & Co., 475 B.R. 34, 142 (D.Del.2012) (citing In re Affiliated Foods, Inc., 249 B.R. 770, 788 (Bankr.W.D.Mo.2000). "[A]s a first approximation, the value of [Debtor's] claim is the judgment that she will obtain if she litigates and wins multiplied by the probability of that (to her) happy outcome. That is roughly how parties to money cases value them for purposes of determining whether to settle in advance of trial." In re Polis, 217 F.3d 899, 902, (7th Cir. 2000). Based on this calculation, Trustee arrived at an approximate value of the Cause of Action of $90,140.32. This Court disagrees and finds this calculation unnecessary, and therefore, upholds the original value of the cause of action of $132,142.00.

### Unresolved Cause of Action after Plan Commitment Period

"[T]he status of the property of the estate after the confirmation of a chapter 13 plan is a controversial issue in itself." See Russell G. Donaldson, *Continued Existence of Bankruptcy Code Chapter 13 Estate After Confirmation of the Chapter 13 Plan,* 126 ALR Fed. 665, 1995 WL 900170 (1995)(Supp.1999). If the court confirms the plan, the chapter 13 trustee will distribute funds received under the plan "as soon as is practicable." 11 U.S.C. § 1326(a)(2). If the court declines to confirm the plan, the debtor may file a modified plan. 11 U.S.C. § 1323.

Section 1329 of the Code states that a confirmed plan may be modified at the request of the debtor, the trustee, or the holder of an allowed unsecured claim in order to "increase or reduce the amount of payments on claims of a particular class provided for by the plan; [or to] extend or reduce the time for such payments ...." 11 U.S.C. § 1329(a)(1,2).

In lieu of the aforementioned, this Court finds that if the Debtor is awarded a monetary judgment on her cause of action during the plan commitment period, a modification of the confirmed plan shall then promptly follow to include the amount of monetary award received. The Debtor shall, therefore, file status reports as to the state court litigation within thirty (30) days of this Opinion and Order, and every four (4) months thereafter until the completion of the plan. In the alternative, if the local court dismisses Debtor's cause of action, rules against the Debtor, or the cause of action is not resolved by month 59 of the plan commitment period, a modification of the confirmed plan shall then promptly follow to remove the approximate value of the cause of action from the plan.

**III.    Conclusion**

WHEREFORE, IT IS ORDERED that the value of the cause of action remains at $132,142.00, and the Debtor shall file status reports as to the state court litigation within thirty (30) days, and every four (4) months thereafter until the completion of the plan commitment period. Clerk to schedule a hearing on confirmation.

In San Juan, Puerto Rico this 2nd day of July, 2015.

Brian K. Tester
U.S. Bankruptcy Judge